# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DARRIUS BRYANT BELL,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No.  2:09-cv-2574-RBP-TMP |
| | ) |
| **KENNETH JONES, Warden;** | ) |
| **TROY KING, Attorney General for** | ) |
| **the State of Alabama;** | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

After due and proper consideration of all portions of this file deemed relevant to the issues raised as well as a *de novo* determination of those portions of the Recommendation to which an objection was made, the Report and Recommendation of Magistrate Judge T. Michael Putnam, made under 28 U.S.C. § 636(b)(1)(B) and dated September 27, 2010, is **ADOPTED** as the opinion of this court with the following amendment:

Pursuant to 28 U.S.C. § 2254, this cause seeks habeas corpus relief with respect to Petitioner Darrius Bryant Bell's ("Bell" or "Petitioner") present incarceration due to matters associated with his plea of guilty to violating the residency reporting requirements of Alabama's Community Notification Act (CNA).[1]  *See* Ala. Code § 15-20-23(a) (1975).  As Bell proceeds *pro se*, the court will afford him some degree of leniency. *See Mann v. Frazier*, 335 F. App'x 831, 833 (11th Cir.

---

[1] It is important to mention that, as the Magistrate Judge noted in its Report and Recommendation, Bell's "parole was revoked on February 11, 2009, and it does not appear . . . that Bell challenged that decision or proceeding." (Doc. No. 13, p. 6).  Instead, Bell challenges his separate state conviction for violating the CNA's residency reporting requirements. *Id.*

1

2009) ("While we are lenient when interpreting the arguments of *pro se* litigants, its leniency extends only so far, and it will not act as *de facto* counsel." (citation omitted)).

## I. PROCEDURAL DEFAULT

### A. *Federal Exhaustion Principles.*

On the one hand, "[i]f a petitioner fails to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." *Ward v. Hall* (*Hall*), 592 F.3d 1144, 1156 (11th Cir. 2010) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *see also Mauk v. Lanier*, 484 F.3d 1352, 1358 (11th Cir. 2007) (remanding the case "for the limited purpose of allowing the district court to enter a corrected order dismissing [the habeas] petition without prejudice in accordance with [circuit] precedent," which states "that the district court should dismiss the § 2254 petition without prejudice to allow the petitioner to return to state court and exhaust his claims" (citing *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1343-44 (11th Cir. 2007))). On the other hand, a claim is "procedurally defaulted if the petitioner fails to raise the claim in state court and it is clear from state law that any future attempts at exhaustion would be futile." *Ferguson v. Sec'y for Dep't of Corr.*, 580 F.3d 1183, 1193 (11th Cir. 2009) (per curiam) (citation omitted).

In *Jackson v. Walker*, which is especially pertinent to the case at hand, the Eleventh Circuit addressed a habeas petitioner's request for "review of the decision by the state parole board to revoke his parole for a violation of its conditions." 206 F. App'x 967, 968 (11th Cir. 2006) (per curiam). Specifically, the court noted that the petitioner filed a state habeas petition in Georgia Superior Court and that court conducted an evidentiary hearing, yet it neglected to rule on his motion for over two

years—well outside the time prescribed by state statute.[2] *See id.* at 968, 969. In this context, the Eleventh Circuit held:

> Habeas law requires that an applicant exhaust any available state procedure before filing a petition in federal court. 28 U.S.C. § 2254(c). . . .
>
> Before a state prisoner may file a federal habeas petition, he must exhaust his state remedies by petitioning the highest court in the state in which he is being held "when such review is part of the ordinary appellate review procedure" in that jurisdiction. *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004). Because ordinary appellate procedure in Georgia authorizes habeas review in the Georgia Supreme Court, a petitioner must avail himself of that procedure before we will deem all state remedies to be exhausted. *Id.* at 854 (citing O.C.G.A. § 9-14-52).
>
> Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, *by any available procedure*, the question presented." 28 U.S.C. § 2254(c) (emphasis added). We have noted that a district court should only "in rare instances . . . deviate from the exhaustion requirement." *Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986). Even in cases where the claims of defects in the state correctional system presented by a prisoner may "rise to a constitutional level involving the denial of due process," our precedent has expressed a desire that such claims be first presented in a state forum. *Reynolds v. Wainwright*, 460 F.2d 1026, 1027 (5th Cir. 1972).
>
> ***Upon a review of Georgia civil procedure***, it appears that [the petitioner] has an available state procedure in which to raise the question he presents in his habeas petition. . . .

*Id.* at 968-69 (emphasis in bold added). In conclusion, the Eleventh Circuit affirmed the district court's dismissal of the habeas petition ***without prejudice***, holding:

> The statutory period in which the judge must rule on his motion has clearly come and passed, which, under Georgia law, would allow [the petitioner] the opportunity to seek a writ of mandamus. Thus, [the petitioner] has not exhausted all state remedies because Georgia law allows him to seek a writ of mandamus, compelling the superior court to rule on his state habeas petition.

---

[2] Depending on the size of the particular county, Georgia Superior Court Judges "have the duty to enter a ruling, and notify the parties of that ruling, within [either 30 or 90 days], from hearing a motion of any nature." *Jackson*, 206 F. App'x at 969 & n.1 (citing O.C.G.A. § 15-6-21).

*Id.* at 969.

  B. *Alabama Criminal Procedure.*

The court finds the following provisions of Alabama law relevant to this case. In *Ex parte V.S.*, the Supreme Court of Alabama held:

> On January 13, 2005, this Court adopted an order amending Rule 32.1(f), Ala. R. Crim. P., effective June 1, 2005. The amended rule provides that a petitioner may obtain an out-of-time appeal if "[t]he petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part." Therefore, after June 1, 2005, the proper method of seeking an out-of-time appeal from the denial of a Rule 32 petition is by filing another Rule 32 petition. . . . Although the amended rule expressly preserves the existing one-year deadline for the filing of the first Rule 32 petition, the amended rule establishes a six-month limitations period from discovery of the dismissal or denial for the filing of a Rule 32.1(f) petition seeking an out-of-time appeal from the dismissal or denial of a previously filed Rule 32 petition.

*Ex parte V.S.*, 918 So. 2d 908, 912 n.3 (Ala. 2005); *see also Ex parte Bonner*, 926 So. 2d 339, 340 n.1 (Ala. 2005) (same). The Alabama Court of Criminal Appeals subsequently expounded upon the 2005 amendments to Rule 32.1(f) and Rule 32.2(c) and held:

> Rule 4(b)(1), Ala. R. App. P., requires that a notice of appeal in a criminal case be filed within 42 days after pronouncement of sentence. "In the context of post-conviction relief, the 42–day appeal period runs from the date of the [circuit] court's denial of the Rule 32 petition." *Ex parte Jones*, 773 So. 2d 989, 989 (Ala. 1998) (citing *Barfield v. State*, 703 So. 2d 1011 (Ala. Crim. App. 1997)).
>
> > "Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
> >
> > ". . . .
> >
> > "(f) The petitioner failed to appeal within the prescribed time . . . from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part."

4

> Rule 32.1, Ala. R. Crim. P.
>
> The record indicates that the circuit court denied the appellant's previous petition on March 15, 2005. However, the appellant alleges that he did not learn that his previous petition had been denied until August 17, 2005—after the time for filing a notice of appeal had expired. Because the State did not refute this allegation, it must be taken as true. *See Menefee v. State*, 594 So. 2d 251 (Ala. Crim. App. 1992). . . . Finally, the appellant filed his [Rule 32.1(f)] petition within six months after he learned about the denial of his previous [Rule 32] petition, as required by Rule 32.2(c), Ala. R. Crim. P. Therefore, he is entitled to an out-of-time appeal. Accordingly, we reverse the circuit court's judgment and remand this case with instructions that that court grant the appellant leave to file an out-of-time appeal from the denial of his previous Rule 32 petition. *See Johnson v. State*, 848 So. 2d 282 (Ala. Crim. App. 2002).

*Wilson v. State*, 943 So. 2d 803, 804-05 (Ala. Crim. App. 2006) (first alteration in original).

Moreover, the Eleventh Circuit recently observed that Alabama criminal procedure permits "out-of-time appeals" in limited circumstances, such as when "prisoners proceeding *pro se* . . . were not served with copies of the relevant orders within the 42–day period." *Maples v. Allen* 586 F.3d 879, 888-89 (11th Cir. 2009) (per curiam) (footnote omitted). With these principles in mind, the court now turns to Bell's present habeas petition.

### C. *Exhaustion in Bell's Case.*

Upon a review of Alabama criminal procedure, it appears that Bell has an available state procedure at his disposal in which he may raise the question he presents in his federal habeas petition. Under Alabama law, "one complete round" of established appellate review of a district court's dismissal of a Rule 32 petition includes: (1) appealing the denial of that petition to the state circuit court, *see Scott v. State*, 939 So. 2d 950 (Ala. Crim. App. 2005); (2) appealing that decision to the Alabama Court of Criminal Appeals, *see* Ala. Code § 13-3-9 (1975); (3) petitioning the Alabama Court of Criminal Appeals for rehearing, *see* Ala. R. App. P. 4, 39(c)(1), 40(d)(1); and (4)

5

seeking discretionary review in the Alabama Supreme Court by filing a petition for writ of certiorari, *see* Ala. R. App. P. 4, 39(c), 40(d). Because Bell failed to pursue any of these state remedies, it is indisputable that he failed to meet 28 U.S.C. § 2254(b)(1)(A)'s exhaustion requirement. The Magistrate Judge was correct to recommend the dismissal of Bell's habeas petition for failure to exhaust state court remedies. The only difference being that Bell may still have "the right under the law of the State to raise, *by any available procedure*, the question presented." *Jackson*, 481 F.3d at 968 (quoting § 2254(c)).

> In his objections to the Magistrate's Report and Recommendation, Bell states:
>
>> After not hearing form the State's appointed trial counsel, Bell filed a Motion for Relief from Judgment of Conviction in an effort to withdraw his guilty plea because he had not committed any crime. Although in state custody, but unlearned in law and transferred several different times, **Mr. Bell was not aware of** the appeal status of his direct appeal or **the status of the Motion filed for relief from judgment**. Bell was later informed by the Jefferson County [District Court] Clerk that the Order from the Motion filed for relief from conviction was returned to them. Strangely, the state who had custody of Bell did not know where Bell was in order to serve him with the Order. (See Exhibit A)

(Doc. No. 16, pp. 4-5) (emphasis added). Exhibit A is a letter (Letter) from Anne-Marie Adams, Clerk of the Jefferson County District Court, Criminal Division, and it bolsters Bell's claim. (*See* Doc. No. 16, pp. 23-25, Ex. A). The Letter, which is dated August 9, 2010, states:

> I am sending you this letter and a copy of Judge's order which was done on 7/29/09. At that time I mailed the order to you and it was returned back to me by the post office saying 'Return to Sender' 'Unable to forward'. The only address I have for you was on your envelope when you filed a Motion for Relief from Judgment that was received in our office on 5/12/09. See copy of your envelope I provided.
>
> As for your appeal, I do not see any notice of appeal in your file. I don't know if you gave oral notice of appeal to the Judge because I wasn't there and there isn't any note by the Judge in your file. See copy of your case action summary. I have done what I was told by the Judge to do. . . .

*Id.* at 23.  Included with the letter were copies of the state court's "Order on Rule 32" (Order) and an envelope stamped "Return to Sender, Refused, Unable to Forward."  *Id.* at 24-25.  Both the Order and the envelope also bear the Clerk's stamp: "Filed in Office, Sep 21 2009, Anne-Marie Adams." *Id.*  Thus, Bell's claim that he "was not aware of . . . the status of the Motion filed for relief from judgment" is supported by the record.

If this were the end of the story, Bell would certainly be "entitled to an out-of-time appeal" of Judge Ross's Order dismissing his Rule 32 petition.  *See Wilson*, 943 So. 2d at 805.  Bell would commence such proceedings "by filing another Rule 32 petition"—also referred to as a "Rule 32.1(f) petition "—in the court of his original conviction.  *Ex parte V.S.*, 918 So. 2d at 912 n.3.  And assuming Bell learned of the Order after August 9, 2010, he would have until February 9, 2011, at the earliest, to file a Rule 32.1(f) petition.[3]  *See* Ala. R. Crim. P. 32.1(f), 32.2(c).

As alluded to earlier, however, this is not the end of the story.  It is apparent that Bell "discover[ed] the dismissal" of his Rule 32 petition before receiving the aforementioned Letter.  *See* Ala. R. Crim. P. 32.2(c).  Evidently,  Bell was unaware of the status of his Rule 32 petition when he filed his federal habeas petition on November 30, 2009.[4]  But once the Respondents filed their Response on March 9, 2010, Bell could no longer claim that he was unaware of the status of his Rule 32 proceedings because the Respondents attached the Order as an exhibit to their Response.  (*See* Doc. No. 7-1, p. 7).  While exactly when Bell received the Respondent's Response is unknown, he

---

[3] This, of course, assumes Bell received the Letter after the date listed therein, and it was the first time he was made aware of the Order dismissing his Rule 32 petition.

[4] In Bell's federal habeas petition, he states: "The Court in Jeff. Co. never mentioned petitioner's direct appeal and also changed petitioner's motion to vacate to a Rule 32 ***with no further response***." (Doc. No. 1-2, pp. 5-6 (emphasis added)).  Although Bell states that the court "changed his motion to vacate to a Rule 32," this is a reference to the State's "Motion to Dismiss Rule 32 Petition," which he cited in the preceding sentence and included as an exhibit to his petition.  (*See* Doc. No. 1-3, pp. 12-13, Ex. 5).

7

unambiguously refers to it within his Reply filed on April 8, 2010.[5]  Therefore, Bell "discover[ed] the dismissal" of his Rule 32 petition sometime after March 9, 2010 yet before April 8, 2010.  And even using the most favorable of the preceding dates to compute Rule 32.2(c)'s six month deadline, which is highly unlikely, the six–month limitations period for filing a Rule 32.1(f) petition for an out-of-time appeal of the denial of his first Rule 32 petition would have expired on October 8, 2010.  Thus, Bell must look to another doctrine, in conjunction with the recent amendments to Rules 32.1(f) and 32.2(c), to be entitled to file an out-of-time appeal in state court.  Luckily for Bell, one such avenue may exist.

## II.   EQUITABLE TOLLING

### A.   *Current State of Alabama Case Law.*

In 2007, the Alabama Supreme Court changed course and held that Rule 32.2(c) was not jurisdictional.  *Ex parte Ward* (*Ward III*), 44 So. 3d 463, 471-72 (Ala. 2007).[6]  And by construing Rule 32.2(c) in this manner, it permitted the court to embrace—for the first time—the doctrine of "equitable tolling" in the context of Rule 32 proceedings.  *Id.* at 472.  As a matter of first impression, the court held:

---

[5] In Bell's reply, he states:

> 7.  Petitioner prays this Honorable Court will take Judicial Notice of the following efforts of Petitioner to essentially "appeal" his conviction *as evidenced by the State's Response*:
>
> . . . .
>
> — ***Exhibit A p. 6: Order on Rule 32*** "The defendant filed a Rule 32 Petition to set aside his guilty plea in these cases . . ."

(Doc. No. 12, p. 3 (emphasis in bold added) (quoting Doc. No. 7-1, p. 7)).

[6] As Ward's case has multiple dispositions, this court adopts the same identifiers the Alabama Supreme Court used in its most recent opinion.  *See Ex parte Ward* (*Ward V*), 44 So. 3d 474 (Ala. 2010).

>    *Although we today hold that the limitations provision in Rule 32.2(c) is not a jurisdictional bar, it is nonetheless written in mandatory terms*. Rule 32.2(c) provides that "the court shall not entertain any petition for relief from a conviction or sentence" that is not timely.  In prior cases in which it concluded that equitable tolling is unavailable, the Court of Criminal Appeals based its holding on the mandatory "shall" language found in Rule 32.2(c) and the fact that no Alabama court has ever held that there is an exception to the limitations period.  *See, e.g.*, *Arthur v. State*, 820 So. 2d 886, 889-90 (Ala. Crim. App. 2001) (holding that there is no exception to Rule 32.2(c) and that the limitations period is jurisdictional).  However, this Court has never held that equitable tolling is not available in a case such as this one.  ***Moreover, because Rule 32.2(c) does not establish a jurisdictional bar, the trial court has the power to hear an untimely petition because the running of the limitations period would "not divest the circuit court of the power to try the case."*** *Ex parte Seymour*, 946 So. 2d 536, 539 (Ala. 2006).
>
>    . . . .
>
>    ***We hold that equitable tolling is available in extraordinary circumstances that are beyond the petitioner's control and that are unavoidable even with the exercise of diligence***.  We recognize that "[i]n a capital case such as this, the consequences of error are terminal, and we therefore pay particular attention to whether principles of 'equity would make the rigid application of a limitation period unfair' and whether the petitioner has 'exercised reasonable diligence in investigating and bringing [the] claims.'"  *Fahy v. Horn*, 240 F.3d 239, 245 (3d Cir. 2001) (quoting *Miller v. New Jersey Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)).  ***Nevertheless, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."*** *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).
>
>    Finally, we must address the petitioner's burden of demonstrating that he or she is entitled to the relief afforded by the doctrine of equitable tolling.  Rule 32.7(d), Ala. R. Crim. P., allows the trial court to summarily dismiss a Rule 32 petition that, on its face, is precluded or fails to state a claim, and we have held that the trial court may properly summarily dismiss such a petition without waiting for a response to the petition from the State.  *Bishop v. State*, 608 So. 2d 345, 347-48 (Ala. 1992) ("'Where a simple reading of a petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.'").  Although the Rules of Criminal Procedure initially place the burden on the State to plead any ground of preclusion, the ultimate burden is on the petitioner to disprove that a ground of preclusion applies.  Rule 32.3, Ala. R. Crim. P.

9

> Because the limitations provision is mandatory and applies in all but the most extraordinary of circumstances, when a petition is time-barred on its face the petitioner bears the burden of demonstrating in his petition that there are such extraordinary circumstances justifying the application of the doctrine of equitable tolling. *See Spitsyn v. Moore*, 345 F.3d at 799 (holding that the burden is on the petitioner for the writ of habeas corpus to show that the exclusion applies and that the "extraordinary circumstances" alleged, rather than a lack of diligence on his part, were the proximate cause of the untimeliness); *Drew v. Department of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002) ("The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."). ***Thus, when a Rule 32 petition is time-barred on its face, the petition must establish entitlement to the remedy afforded by the doctrine of equitable tolling***. A petition that does not assert equitable tolling, or that asserts it but fails to state any principle of law or any fact that would entitle the petitioner to the equitable tolling of the applicable limitations provision, may be summarily dismissed without a hearing. Rule 32.7(d), Ala. R. Crim. P.

*Ward III*, 44 So. 3d at 472-73 (alterations in original) (emphasis in bold added); *see also Ex parte Martinez* (*Martinez I*), No. 1061237, 2009 Ala. LEXIS 104, at *10-14 (Ala. May 29, 2009) (same).[7]

    **B.**    ***Discerning the Proper Standard to Decide Whether Equitable Tolling is an Appropriate Remedy.***

As Presiding Judge Baschab noted a few months after the Alabama Supreme Court released its opinion in *Ward III*: "[I]n its efforts to narrow the scope of the term 'jurisdictional,' the [Alabama Supreme Court has failed to recognize years of precedent and created a procedural quagmire." *Clemons v. State*, No. CR–01-1355, 2007 WL 3226681, at *1 (Ala. Crim. App. Nov. 2, 2007) (Baschab, P.J., concurring specially). Quagmire or not, this court must still discern whether Bell has any unexhausted state remedies at his disposal. Even though Alabama case law is quite scant on this topic, both *Ward III* and *Martinez I* provide some insight.

---

[7] On remand to the Alabama Court of Criminal Appeals, that court added: "If, upon consideration of the equitable tolling issue, the circuit court determines that Martinez is entitled to have his out-of-time Rule 32 petition accepted, the circuit court should address all the claims contained in Martinez's petition as though timely filed." *Martinez v. State* (*Martinez II*), No. CR–06–0020, 2010 Ala. Crim. App. LEXIS 33, at *6 (Ala. Crim. App. April 30, 2010).

As stated earlier, the Alabama Supreme Court instructs that "equitable tolling is available in extraordinary circumstances that are beyond the petitioner's control and that are unavoidable even with the exercise of diligence," but it also cautions that "'the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.'" *Ward III*, 44 So. 3d at 472-73 (citation omitted). But other than these guiding principles, the only direction from Alabama courts are the facts that underlie the two primary Alabama opinions addressing equitable tolling; both of which arose from rather unique circumstances. First, in *Martinez I*, the Alabama Supreme Court was persuaded by the petitioner's argument that Rule 32.2(c)'s limitation period should not apply "because, he says, as a native of Guatemala who does not speak English, he faced significant obstacles in pursuing postconviction review." 2009 Ala. LEXIS 104, at *2-3.[8] From the Alabama Supreme Court's perspective, this fact alone warranted remanding the case for lower courts to determine whether Martinez was "entitled to the remedy afforded by the doctrine of equitable tolling." *Id.* at *15.[9]

Second, in *Ward III*, the court paid special attention to "[t]he complex circumstances surrounding the nearly two-year delay between the running of the limitations period in Rule 32.2(c) and Ward's filing of his Rule 32 petition." *Ward V*, 44 So. 3d at 475. Of particular importance was the fact Ward was "represented by nine different attorneys during his direct appeal, his Rule 32 petition, and a petition for a writ of habeas corpus filed in federal court." *Id.*

---

[8] After its opinion in *Martinez I*, the Alabama Supreme Court entertained a second petition for writ of certiorari from Ward. *See Ward V*, 44 So. 3d at 478. In *Ward V*, the court discussed its opinion in *Martinez* and noted that Martinez's claim that he "'does not speak English'" was "the only claim that could arguably be said to assert the doctrine of equitable tolling." *Id.* (quoting *Martinez I*, 2009 Ala. LEXIS 104, at *2-3).

[9] *See also Martinez II*, 2010 Ala. Crim. App. LEXIS 33, at *5-6 (remanding the case to the circuit court to determine, in the first instance, "whether [Martinez] is entitled to an equitable tolling of the limitations period in Rule 32").

>One of those attorneys was later suspended from practicing law, another lost portions of Ward's file, and another, Ward says, told Ward's family that he would file a Rule 32 petition on Ward's behalf before the one-year deadline in Rule 32.2(c) expired but did not do so. The attorney who eventually filed Ward's Rule 32 petition asked the federal court to stay Ward's habeas corpus petition to allow him to pursue in the state court a claim of actual innocence based on newly discovered evidence. The federal court granted the stay, and Ward's Rule 32 petition was filed on November 2, 2005. However, instead of asserting a claim of newly discovered evidence tending to prove Ward's innocence, the Rule 32 petition relied solely on ineffective-assistance-of-counsel claims. The petition failed to set forth any justification for its untimeliness. It stated only that no timely Rule 32 petition had been filed because Ward's previous attorneys had not filed any petition and that Ward, who is not trained in the law, had assumed that all legal requirements to obtain postconviction review were being met. Ward's present counsel was appointed in 2006 while his appeal in *Ward II*[10] was pending. Ward asserted the doctrine of equitable tolling for the first time in his brief to the Court of Criminal Appeals in *Ward II*.

*Ward V*, 44 So. 3d at 475.[11] In light of these principles, the court now turns to whether Bell may plausibly assert that he is entitled to the remedy of equitable tolling.

### C.     *Whether Bell's Case Warrants Application of Equitable Tolling.*

At the outset, the court emphasizes that the ultimate question of whether equitable tolling is proper in Bell's case is the province Alabama courts. Therefore, this court need not weigh the facts here against those in other cases to determine the propriety of such a claim. For present purposes, however, it is important to discern whether such an avenue remains available for Bell. *See Ferguson*, 580 F.3d at 1193 ("A claim [is] 'procedurally defaulted if the petitioner fails to raise the claim in state court and it is clear from state law that any future attempts at exhaustion would be futile.'" (citation omitted)). Accordingly, the court will provide an unexhaustive list of facts that may or may not be deemed pertinent by Alabama courts.

---

[10] *See Ward v. State* (*Ward II*), 988 So. 2d 1078 (Ala. Crim. App. 2006).

[11] The preceding was *Ward V*'s summary of the facts in *Ward III*. *See Ward V*, 44 So. 3d at 475. For a full recital of the facts in *Ward III*, see *Ward III*, 44 So. 3d 465-67.

In balancing the scales of equity, an Alabama court may view the following facts relevant. First, Bell proceeded *pro se* in state court and proceeds *pro se* here in federal court as well. Second, it would be ironic, to say the least, if Bell first "discovers" the Order dismissing his Rule 32 petition as part of the Respondents' assertion that Bell's claim is unexhausted because he did not appeal the denial of his Rule 32 petition in state court. His case here was already pending. Third, it is clear from the Letter that Bell never received formal notice of the Order as it was marked "Return to Sender." Finally, the proper manner in which to conclude federal habeas proceedings in order to recommence state post-conviction proceedings is quite complex even for a seasoned attorney, much less a *pro se* litigant.[12]

As previously stated, whether such circumstances rise to a level sufficient to warrant evoking equitable tolling is not for this court to decide. But it is this court's opinion that Bell at least has a colorable argument in favor of the doctrine's application, and for this reason, the court cannot say that it would be "futile" for Bell to attempt exhaustion of this potential state remedy.

### III.  CONCLUSION

Before June 2005, the Alabama Rules of Criminal Procedure provided only one limitations

---

[12] It is clear that Alabama courts would dismiss a Rule 32 petition so long as a habeas petition remained pending in federal court. *See Hughley v. State*, 660 So. 2d 1036 (Ala. Crim. App. 1994). Thus, Bell would have needed to seek voluntarily dismissal of his federal habeas petition to pursue any potential state remedy. Seeing as the Respondents were ordered to show cause and thereafter filed a Response, however, Bell would not be automatically entitled voluntarily dismissal. *See* Fed. R. Civ. P. 41(a); Rule 11 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); *see also Marts v. McNesby*, No. 3:08–cv–106–LAC–EMT, 2008 U.S. Dist. LEXIS 113375 (N.D. Fla. April 23, 2008); *Bailey v. Lewis*, No. CV 102–001, 2002 U.S. Dist. LEXIS 27888 (S.D. Ga. June 14, 2002). In any event, if Bell voluntarily dismissed his present habeas petition to pursue state court remedies and such remedies proved unsuccessful, any future federal habeas petition Bell may have filed would have been in danger of being outside the AEDPA's one-year time bar and/or characterized as "a second or successive" petition. *See* 28 U.S.C. § 2244(b), (d). Nonetheless, this court does not express any opinion as to whether any future habeas petition Bell may file in federal court will be subject to the AEDPA's one-year limitations period and/or a potential characterization as "a second or successive" petition. *See id*.

period regardless of whether the petitioner was at fault for failing to appeal the dismissal or denial of his Rule 32 petition. The only remedy to correct such an injustice was to seek a writ of mandamus, which, of course, fell outside the trial court's authority. *Cf. Ex parte Johnson*, 806 So. 2d 1195, 1196 (Ala. 2001). Even after Rules 32.1(f) and 32.2(c) were amended, Alabama courts remained steadfast in strictly applying Rule 32.2(c)'s limitations period. That is, until June 2007, when the Alabama Supreme Court held that the doctrine of equitable tolling applied to Rule 32 proceedings. *See Ward III*, 44 So. 3d at 471-72.

In this vein, it is evident that Alabama case law has changed immensely over the past five years, and it is likely that Alabama's higher courts will further expound upon this subject in future cases. As such, this court is unable to discern if Bell will be permitted to file a Rule 32.1(f) petition in light of Alabama's doctrine of equitable tolling. Irrespective of whether such recourse will be available to Bell once he returns to state court, it does not alter the Magistrate Judge's conclusion that Bell's claim is unexhausted for purposes of federal habeas review. *See* 28 U.S.C. § 2254(b)(1)(A).

But it does affect whether this court dismisses Bell's petition with or without prejudice. *See Hall*, 592 F.3d at 1156. Because of the special circumstances surrounding Bell's case, the better—and proper—course appears to be dismissing Bell's habeas petition without prejudice in the event that Alabama courts permit him to file a Rule 32.1(f) petition. While Alabama courts may ultimately determine that Bell is not entitled to the remedy of equitable tolling, that decision remains the province of Alabama courts in the first instance. *See Jackson*, 206 F. App'x at 968. Put simply, "it is [not] clear from state law that any future attempts at exhaustion would be futile." *Ferguson*, 580 F.3d at 1193 (citation omitted).

In light of the foregoing, Bell has failed to exhaust his state court remedies as he still may have "the right under the law of the State to raise, *by any available procedure*, the question presented." *Jackson*, 206 F. App'x at 968 (quoting § 2254(c)).  And as Bell failed to exhaust his state court remedies, this court should accordingly "dismiss the petition ***without prejudice*** to allow exhaustion."  *Hall*, 592 F.3d at 1156 (emphasis added) (citation omitted).  "Once [Bell] has exhausted his state-court remedies (or an exception applies), he may timely refile his § 2254 petition." *Slater v. Chatman*, 147 F. App'x 959, 960-61 (11th Cir. 2005) (per curiam).

For all of the reasons set forth herein, this Court **ADOPTS** the Magistrate's Report and Recommendation, with the exception of the amendment stated hereinabove.  Therefore, Bell's petition for writ of habeas corpus is due to be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this 30th day of November, 2010.

*/s/ Robert B. Propst*

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**